UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BAHIG BISHAY, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | M.B.D. No. 25-mc-91085-DJC | |
| ) | | |
| TOWN OF SHARON, et al., ) | | |
| ) | | |
| Defendant. ) | | |

## MEMORANDUM AND ORDER

**CASPER, C.J.**                                                                          **October 20, 2025**

For the reasons set forth below, the Court denies Plaintiff's application for leave to file, D. 2, and motion for leave to file electronically, D. 4, and dismisses this action.

### I.    Background

Bahig F. Bishay ("Bishay") is a frequent pro se litigant who has had filing restrictions imposed upon him by this Court as well as the United States District Court for the District of Columbia.  See Bishay v Ocwen Financial Corp., et al., No. 24-cv-12661-RGS (D. Mass. Oct. 30, 2024); Bishay v. Harris, 668 F. Supp. 3d 9 (D.D.C. 2023), aff'd, No. 23-5019, 2023 WL 6784306 (D.C. Cir. Oct. 6, 2023), en banc reh'g denied, 2023 WL 8836773 (D.C. Cir. Dec. 20, 2023), rehearing denied sub nom. Jin v. Velasquez, 144 S. Ct. 629 (2024).  Bishay has similarly been enjoined from filing actions in Massachusetts state courts, Lombard v. Bishay, 87 Mass. App. Ct. 1135, 2015 WL 4068497, at *1 (Jul. 3, 2015), and from filing petitions in the Massachusetts Supreme Judicial Court, Bishay v. Superior Ct. Dep't of the Trial Ct., 487 Mass. 1012, 1013 (2021), without first obtaining leave to do so.

Bishay has filed his application pursuant to court order seeking leave to file, D. 2 (the "Application"), proposed complaint and documents, D. 3, motion for leave to file electronically, D. 4. Bishay seeks leave to file a complaint against the Town of Sharon (the "Town") as well as against two Town officials (town counsel and director of finance) seeking, among other things, the return of "equity" in two properties seized from him by the Town for non-payment of taxes in 2008 and 2011. See D.2 ; D. 3 at 4-8. Bishay now contends, among other things, that the Court may permit his claims to proceed in order "to avoid manifest injustice" and based on "rulings in _Davenport_ (supra) and _Woodbridge_ (supra)." D. 2 at 4.

The pending motions are before the Court as the miscellaneous business docket judge pursuant to the October 30, 2024 Memorandum and Order, which provides that:

> Bahig F. Bishay is hereby ENJOINED from commencing any new action on the civil docket of this court without obtaining written approval of a judge of this court by filing a written petition seeking leave of court to do so.

Bishay v Ocwen Financial Corporation, et al., No. 24-cv-12661-RGS, D. 8 at 9 (D. Mass. Oct. 30, 2024). That Memorandum and Order states further that:

> The petition to commence a new action must be accompanied by a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that (1) there is a good-faith basis for their filing; (2) the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, and (3) the claim or claims are not frivolous or levied in bad faith.

Id.

Additionally, Bishay was advised that any petition to commence a new action must be accompanied by payment of the fee to initiate a case on the Miscellaneous Business Docket or a motion for leave to proceed without prepayment of that fee. Id.

## II. Discussion

Here, Bishay has not addressed the filing fee. Although he certifies that the claims in the proposed complaint "are neither frivolous nor levied in bad faith," D. 2 at 5, the court will deny his application and dismiss this matter.

As Bishay knows from rulings in <u>Bishay v Town of Sharon, et al.</u>, No. 23-cv-12094-FDS, D. 23 (entered April 9, 2024) the claims against the defendants in the proposed complaint are time-barred.

## III. Conclusion

For the foregoing reasons, the Court hereby ORDERS:

1. The application for leave to file, D. 2, is DENIED;

2. The application for leave to electronically file pro se D. 4, is DENIED;

3. This action is DISMISSED.

**So Ordered.**          /s Denise J. Casper
                         Denise J. Casper
                         Chief United States District Judge

3